**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE:

**JOHNNY R. BALLARD**                                                                         **CASE NO. 09-52809**

**DEBTOR**

**REBECCA BEVINS**                                                                              **PLAINTIFF**

**VS:**                                                                                                      **ADV. NO. 09-5256**

**JOHNNY R. BALLARD**                                                                            **DEFENDANT**

### MEMORANDUM OPINION

This matter having come before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 29], the Court having reviewed the record and considered arguments of counsel, finds as follows:

### Facts

The following material facts have not been disputed. The Plaintiff, Rebecca Bevins, is the former spouse of the Defendant Debtor, Johnny Ballard. In 2003, while Bevins and the Debtor were married, they obtained a loan from Traditional Bank (the "Loan") in order that the Debtor could finance and operate his exaction company, Rebbs Excavating. Bevins and the Debtor agreed to give Traditional Bank a mortgage on real property conveyed to Bevins and the Debtor as a gift (the "Gift Property") as security for the Loan.

Bevins and the Debtor executed and delivered to Traditional Bank a Promissory Note in the principal amount of $40,193.03 (the "Note") with interest thereon at a fixed rate of 6.50% per annum, payable in monthly payments of principal and interest beginning September 8, 2003, and continuing on the 8th day of each and every month thereafter, with a final payment of the outstanding principal balance of the Note and all accrued interest on the Maturity Date of August 8, 2008. On or about August 8, 2003, to secure repayment of the Note, Bevins and the

Debtor executed and delivered to Traditional Bank a Mortgage (the "Mortgage") on the Gift Property.

In April 2005, the Debtor filed a Petition for Dissolution of Marriage, by an action captioned *In Re The Marriage of Johnny R. Ballard v. Rebecca Ballard (Bevins)*, Menifee Circuit Court, Division II, Civil Action No. 05-CI-00045 (the "Divorce Action"). The Findings of Fact, Conclusions of Law, and Decree of Dissolution of Marriage were entered by the Menifee Circuit Court on May 25, 2005 (the "Decree"). The Decree specifically incorporated as part of its judgment a Property Settlement and Separation Agreement dated April 18, 2005 (the "Property Settlement").

The Property Settlement provides that Bevins was to retain ownership of the Gift Property by conveyance of the Debtor's interest in said property to her and that the Debtor was to procure alternative financing to cause the Gift Property to be released from the Mortgage. The Property Settlement also provides "the parties agree to hold each harmless from any liability" and "the responsible party on any debt shall further agree to indemnify the other for any amounts they may be responsible for due to the other party's failure to abide by this Agreement, including Court costs and attorneys fees."

The Debtor subsequently ignored his obligations under the Decree and Property Settlement. Subject to a Show Cause order entered in the Divorce Action in February 2008, the Debtor finally conveyed his interest in the Gift Property to Bevins on April 10, 2008 but he never refinanced the debt on the Gift Property as ordered by the Menifee Circuit Court.

In addition, by order dated August 12, 2008, the Menifee Circuit Court adjudicated the amount of other debt owed by the Debtor to Bevins pursuant to the terms of the Property Settlement in the amount of $7,495.37 (the "Other Divorce Debt"). The Debtor has likewise failed to pay the Other Divorce Debt.

On October 13, 2008, in an action captioned *Traditional Bank, Inc. v. Rebecca A.*

*Bevins, et al.*, Menifee Circuit Court, Division II, Civil Action No. 08-CI-90134 (the "Traditional Bank Action"), Traditional Bank filed suit against Bevins and the Debtor, claiming default and joint and several liability against both parties on the Note. Traditional Bank sought in excess of $30,000.00 and to foreclose on the Gift Property. In response to the Traditional Bank Action, on August 28, 2009, Bevins filed a "Complaint for Relief," asserting cross-claims against the Debtor.

The Debtor filed for Chapter 7 bankruptcy on August 31, 2009. The Traditional Bank Action and Bevin's cross claims against the Debtor have been stayed by the Debtor's bankruptcy proceeding.

To save the Gift Property from foreclosure, Bevins secured funds in the amount of $32,024.46 to pay the outstanding balance on the Mortgage and secure a release of the lien against the Gift Property. An Order of Partial Dismissal was entered in the Traditional Bank Action on March 8, 2010, dismissing Bevins from the action. The Deed of Release was entered by the Menifee County Clerk on March 3, 2010.

On December 8, 2009, Bevins filed this action seeking a judgment that the amount she paid to Traditional Bank ($32,024.46), the Other Divorce Debt ($7,495.37) and her costs and attorneys fees are excepted from the Debtor's discharge pursuant to 11 U.S.C. §§523(a)(2)(A), 523(a)(6), and 523(a)(15) and that the Debtor be denied his discharge pursuant to 11 U.S.C. §§727(a)(2)(A), 727(a)(2)(B), 727(a)(4) and 727(a)(5). The Debtor timely answered Bevins' Complaint summarily denying all her charges on January 14, 2010 [Doc. 9].

Bevins filed a Motion for Summary Judgment on March 21, 2011 [Doc. 29] and the Debtor failed to respond. The Court remanded the hearing on the motion scheduled for April 26, 2011 [Doc. 34] and ordered Bevins to file an affidavit or other evidentiary support for her motion pursuant to Fed. R. Civ. P. 56(c), made applicable to this proceeding by Bankruptcy Rule 7056 [Doc. 35]. Bevins and her counsel thereafter filed affidavits and documents in

support in accordance with Rule 7056 [Docs. 39 and 40]. Bevins has incurred $24,000 in attorneys' fees and $1,176.00 in costs in defending the Traditional Bank Action and the Divorce Action and an additional $9,750.00 in attorneys' fees prosecuting this non-dischargeability action, for a total of $33,750.00 in attorneys' fees and $1,176.00 in costs as a result of the Debtor's failure to comply with the Decree and Property Settlement. Bevins' motion is now ripe for this Court's decision.

**Analysis**

Bevins has only moved for summary judgment on her claims pursuant to 11 U.S.C. §523(a)(15). According to §523(a)(15):

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) does not discharge an individual debtor from any debt –

…

(15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree, or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

To be excepted from discharge under this provision, the debt must: (1) be to a spouse, former spouse or child of the debtor; (2) not be of the type described in paragraph 5 of §523, which excepts domestic support obligations; and (3) have been incurred in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court. *Harrison v. Harrison (In re Harrison)*, 2008 WL 782577 at * 1 (Bankr. W.D. Ky. March 19, 2008). Bevins bears the burden of proving the elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279 (1991).

The facts in this case have not been disputed. Bevins is the Debtor's former spouse. The debt described turns on the enforcement of the provisions of the Property Settlement and has been incurred in connection with a divorce decree that incorporates the Property

Settlement. The Property Settlement required the Debtor to refinance the debt owed to Traditional Bank or to otherwise cause the Gift Property to be removed as security for the loan. The Debtor did not do this.   The Debtor's failure to comply with the terms of the Property Settlement therefore gave rise to a claim by Bevins in the amount of her damages, or $32,024.46, caused by the Debtor's breach of the Property Settlement. *See Howard v. Howard*, 2011 WL 1620590, *9 (Ky. April 21, 2011) (finding the divorce decree establishes a separate obligation as part of the division of marital property and debts).   The Debtor's obligation to Bevins is a debt to a former spouse under a divorce decree and is therefore non-dischargeable.  *Id. at* *10; s*ee also Gibson v. Gibson (In re Gibson)*, 219 B.R. 195, 203 (B.A.P. 6th Cir. 1998); *Belcher v. Owens (In re Owens),* 191 B.R. 669, 673-674 (Bankr. E.D. Ky. 1996).

In addition to the $32,024.46 debt owed to Bevins by the Debtor, the Debtor also owes Bevins $7,495.37 in Other Divorce Debt that arises from the Debtor's failure to comply with the Decree and Property Settlement and is not in the nature a domestic support obligation.   This claim is likewise excepted from the Debtor's discharge pursuant to §523(a)(15).   *Id.*

Finally, the Property Settlement provides that the Debtor shall indemnify Bevins for her attorneys' fees and costs due to the Debtor's failure to abide by the terms of the agreement. This indemnification clause is enforceable under Kentucky law.   See *Belcher v. Owens (In re Owens),* 191 B.R. 669, 673-674 (Bankr. E.D. Ky. 1996); *see also* 16 KY. PRAC. DOMESTIC RELATIONS L. §17:17 (2010) (citing *McDonald v. McDonald*, 882 S.W.2d 134 (Ky. Ct. App. 1994) for the proposition that a beneficiary may invoke her right to indemnification under a hold harmless clause if the creditor collects from the spouse in whose favor the clause was drafted). Therefore, Bevins attorneys' fees and costs, in the total amount of $33,750.00 and $1,176.00 respectively, are debts owed to Bevins under the Property Settlement that are not a domestic support obligations and are also excepted from the Debtor's discharge pursuant to §523(a)(15).

### Conclusion

Bevins' claims against the Debtor in the amounts of $32,024.46, $7,495.37 and $34,926.00 are excepted from the Debtor's discharge pursuant to §523(a)(15). The foregoing constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered accordingly.

Copies to:

Rebecca A. Naser, Esq.

Johnny Ballard, *pro se*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Wednesday, May 25, 2011
(tnw)**